CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILSON, | ) | |
|     Plaintiff, | ) | Civil Action Nos. 7:25-cv-00277 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| FRED KELLERMAN, *et al.*, | ) |     Chief United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Christopher Wilson, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Wilson has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted)

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.

*See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Applying these standards to Wilson's complaint, the court concludes that it does not state any actionable claims under federal law.  Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Wilson alleges that he is currently detained at the New River Valley Regional Jail.  The sole defendant named in the caption is Fred Kellerman, who apparently is or was Wilson's lawyer.  (*See* Compl.)  Wilson alleges "ineffective assistance of counsel, claimed I was wavering in out of competence, when I've never been deemed incompetent, should have been home 7 months ago."  (*Id.* at 1.)  Wilson states further: "wouldn't allow me to defend my case and challenge jurisdiction of court.  Told judge I was in and out of competency, all the time knowing I was ruled competent enough to stand as my own trial attorney, with a license."  (*Id.*)  Wilson asks that he be released from custody and for compensatory damages for lost time and lost wages "in violation of my innocence."  (*Id.* at 2.)

A privately retained attorney would not act under color of state law.  Moreover, it is well-settled that a public defender or other court-appointed attorney does not act under color of state law when representing a defendant in a criminal case.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980); *see also Green v. Hurt*, Case No. 7:23-cv-00106, 2023 WL 2625810, at *1 n.2 (W.D. Va. Feb. 17, 2023).  Accordingly, Wilson's claims of ineffective assistance are not cognizable under § 1983.  Moreover, if Wilson is trying to pursue a collateral attack on an unspecified criminal conviction in an attempt to secure his release from prison, a § 1983 action is not the correct vehicle for such a pursuit.  A civil rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement. *See, e.g.*, *Miller v. Blickenstaff*, Case No. 2:20-cv-00127, 2022 WL 1124226, at *2 (S.D.W. Va. Feb. 28, 2022) ("His claims of ineffective

assistance of counsel are appropriately addressed, if at all, through habeas corpus proceedings, and his claim for monetary damages, which clearly calls into doubt his criminal charges and parole revocation, is barred because those charges have not been invalidated.") (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

      Based on the foregoing, the court will issue an appropriate order dismissing this action for failure to state a claim.

      Entered: October 30, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge